UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1-10-CR-91 |
| v. | ) | |
| | ) | COLLIER / LEE |
| ANTHONY RUSSELL | ) | |
| | ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 11, 2010. At the hearing, defendant moved to withdraw his not guilty plea to Counts One, Two and Three of the three-count Indictment and entered a plea of guilty to Counts One, Two and Three of the Indictment. There is no plea agreement in this case. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Counts One, Two and Three be granted, his plea of guilty to Counts One, Two and Three of the Indictment be accepted, and the Court adjudicate defendant guilty of the charges set forth in Counts One, Two and Three of the Indictment. I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

                                                                s/*Susan K. Lee*
                                                                SUSAN K. LEE
                                                                UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).